IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-207-D |
| ) | |
| JEMARCUS LEE JACKSON ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Jemarcus Lee Jackson's *pro se* Motion for Early Termination of Supervised Release [Doc. No. 85]. The government filed a response [Doc. No. 87]. Defendant did not file a reply, and his deadline to do so has expired. The Motion is therefore, fully briefed and at issue.

## **BACKGROUND**

Defendant entered a guilty plea to the superseding information charging him with one count of drug conspiracy and was sentenced to eight months incarceration followed by three years of supervised release. [Doc. Nos. 25, 71, 72, 78, & 80]. Defendant completed his federal prison sentence and began his supervised release term on May 1, 2023. [Doc. No. 87, at p. 1].

Defendant filed the instant Motion requesting the term of his supervised release be terminated approximately nine months early. [Doc. No. 85]. Defendant provided that early termination of his supervised release is warranted because he has maintained full time employment, began attending Modern Refrigeration and Air conditioning classes that

1

resulted in him getting a promotion at work, and saved a co-worker's life by performing the Heimlich maneuver upon realizing his co-worker was choking. *Id.*

The government and the probation office object to the his request, because he has not "established a consistent record of full compliance" with the terms of his supervised release. [Doc. No. 87, at p. 2-3]

## STANDARD OF DECISION

Pursuant to 18 U.S.C. § 3583(e)(1), the Court has discretion to terminate a term of supervised release. The statute provides in pertinent part:

> The court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

In determining whether termination of supervised release is appropriate, the Court must consider some of the factors set forth in § 3553(a). *United States v. Begay*, 631 F.3d 1168, 1170 (10th Cir. 2011). "Whether to grant a motion to terminate a term of supervised release under 18 U.S.C. § 3583(e)(1) is a matter of sentencing court discretion." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2011). In exercising its discretion, the Court is also mindful that "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000).

## DISCUSSION

After considering the relevant § 3553(a) factors, the Court is not persuaded early termination of Defendant's term of supervised release is warranted by his conduct and the interest of justice. Although Defendant has completed more than two years of his term of supervised release and has been generally compliant with his conditions of supervision, he has violated terms of his supervised release. [Doc. No. 84], [Doc. No. 87, at p. 2-3]. On March 9, 2024, Defendant tested positive for alcohol in violation of the terms of his supervised release. *Id.* Moreover, he has submitted two diluted samples for testing. [Doc. No. 87, at p. 2]. Additionally, he has been inconsistent with submitting his monthly reports to his supervising officer. *Id.* Accordingly, the Court finds that completing the term of supervised release originally imposed strikes the proper balance and best achieves the goals of sentencing, particularly given Defendant's relatively short prison sentence.

Although the Court finds that early termination of Defendant's term of supervised release is not warranted at this time, the Court commends Mr. Jackson for the progress he has made during his period of supervision and encourages him to continue his positive efforts.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 85] is **DENIED**.

**IT IS SO ORDERED** this 9th day of October, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge